UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY BECKTEL,

                Petitioner,                Case Number 2:13-cv-11535
                                                              Honorable Victoria A. Roberts

JEFFREY WOODS,

                Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS, AND DENYING A CERTIFICATE OF APPEALABILITY

This matter is before the Court on Petitioner Timothy Becktel's petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. Petitioner was convicted in the Washtenaw Circuit Court of assault with intent to commit murder, MICH. COMP. LAWS § 750.83. As a result of this conviction Petitioner is currently serving a sentence of 15-to-30 years. The petition raises two claims: (1) insufficient evidence was presented at trial to show that Petitioner intended to kill the victim; and (2) the trial court erred in failing to instruct the jury on self-defense. The Court finds that Petitioner's claims are without merit. Therefore, the petition will be denied. The Court will also deny Petitioner a certificate of appealability and permission to proceed on appeal in forma pauperis.

### I. Facts and Procedural History

This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> On February 25, 2008, defendant and Stephen Kozmiuk, who knew each other through a mutual friend, ran into each other at a party store and then spent the evening together at defendant's apartment. The two were only casual acquaintances and had never had a disagreement. Both men drank a large amount of alcohol that evening and neither remembers the entire night, though they did talk and watch

> television at defendant's apartment while drinking. Later that night, defendant called 911 and reported he had stabbed someone "a lot." First responders located defendant in the alley behind his apartment and Kozmiuk in a puddle of blood on the ground near him. Defendant told responders he had killed Kozmiuk and that the knife he had used was in his apartment. Police removed the knife from defendant's apartment and arrested defendant. Kozmiuk survived.

*People v. Becktel*, No. 300284, 2011 WL 6268223, at *1 (Mich. Ct. App. Dec. 15, 2011).

Based on this evidence Petitioner was convicted and sentenced as indicated above.

After Petitioner's first trial, the Michigan Court of Appeals reversed his conviction because the trial court failed to administer the oath to the impaneled jurors, rendering the proceedings invalid. *People v. Becktel*, No. 289533, 2010 WL 746438, at *1-3 (Mich. Ct. App. Mar. 4, 2010). Petitioner was retried and the same evidence was presented against him. He was again convicted of assault with intent to murder, and the trial court sentenced him to 15-to-30 years in prison. Following his conviction and sentence, Petitioner filed a claim of appeal in the Michigan Court of Appeals, raising the following claims:

> I. The evidence is insufficient to sustain defendant's conviction of assault with intent to murder; alternatively, the verdict is against the great weight of the evidence; it would be a denial of due process and a miscarriage of justice to allow defendant's conviction to stand. U.S. Const. amend XIV.
>
> II. The trial court erred when it refused to give an instruction to the jury for self-defense, thereby depriving the defendant of a defense, where the defendant had no memory of the altercation, he had cuts and his hands were swollen and where he remembers the complainant said "sorry" over and over again.

The Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished opinion. *Becktel*, 2011 WL 6268223, at *1-2. Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims as well as two new claims related to the scoring of the state sentencing guidelines. The Michigan Supreme Court denied the application because it was not persuaded that the questions presented should be reviewed by the Court. *People v. Becktel*,

812 N.W.2d 746 (Mich. 2012) (table).

## II. Standard of Review

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to the AEDPA, Petitioner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 410-11.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S.Ct. 1855, 1862, 176 L. Ed. 2d 678 (2010)((*quoting Lindh v. Murphy*,

521 U.S. 320, 333, n. 7 (1997); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011)(*citing Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. (*citing Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id*. "[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington*, 131 S. Ct. at 786.

Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id*. Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (*citing Jackson v. Virginia*, 443 U.S. 307, 332, n. 5 (1979))(Stevens, J., concurring in judgment)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*, at 786-787.

### III. Analysis

A. Sufficiency of the Evidence

Petitioner claims that insufficient evidence was presented at trial to demonstrate that he intended to murder the victim.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). On direct review, review of a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319 (emphasis in original). In the habeas context, "[t]he *Jackson* standard must be applied 'with explicit reference to the substantive elements of the criminal offense as defined by state law.'" *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006) (quoting *Jackson*, 443 U.S. at 324 n.16).

"Two layers of deference apply to habeas claims challenging evidentiary sufficiency." *McGuire v. Ohio*, 619 F.3d 623, 631 (6th Cir. 2010), citing *Brown v. Konteh*, 567 F.3d 191, 204-05 (6th Cir. 2009)). First, the Court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brown*, 567 F.3d at 205, citing *Jackson*, 443 U.S. at 319). Second, if the Court were "to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Id*.

With respect to the charge relevant here, assault with intent to commit murder, Michigan law

requires proof of three elements: (i) an assault, (ii) with an actual intent to kill, (iii) which if successful would make the killing murder. *Warren v. Smith*, 161 F.3d 358, 361 (6th Cir. 1998). Furthermore, the intent to kill may be proven by inference from any facts in evidence." *People v. Hoffman*, 225 Mich. App. 103 (1997).

    The evidence showed that the victim had forty-three knife wounds, including two on the back of his head and one on his throat. Petitioner told the police that he thought he had killed the victim. He recalled standing over the victim and "smacking him with a knife." The EMS technician testified that there was so much blood it was difficult to keep the victim on the backboard without him slipping off, and it was difficult to locate a place on is body to insert an IV line because of the number of places the victim was bleeding. A responding firefighter testified that there was so much blood at the scene that he did not see how the victim was still alive. Accordingly, while there was no direct evidence that Petitioner intended to kill the victim, the shear number and severity of the wounds certainly allowed a rational fact-finder to conclude that Petitioner intended to kill the victim while he stood over him and slashed him repeatedly with a knife.

    Petitioner asserts that because neither Petitioner nor the victim could remember the exact circumstances of the incident, there must be viable alternate explanations for what occurred creating a reasonable doubt as to whether he intended to kill the victim. But "the Supreme Court has given little weight to a defendant's innocent explanation of the evidence," and "it is well settled that when a defendant 'offer[s] an innocent explanation for the incriminating facts proved by the government, the jury is free to disbelieve [it].'" *United States v. Hughes*, 505 F.3d 578, 594 (6th Cir. 2007) (quoting *United States v. Schreane*, 331 F.3d 548, 562 (6th Cir. 2003)).

    According the state court's findings of fact a presumption of correctness, this Court

concludes that the Michigan Court of Appeals' decision that sufficient evidence was presented to sustain Petitioner's conviction did not "result[] in a decision that . . . involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Petitioner is not entitled to federal habeas corpus relief with respect to this claim.

In a related claim, Petitioner asserts that he is entitled to habeas relief on the ground that the verdict was against "the great weight of the evidence."

A federal habeas court has no power to grant a habeas petition on the grounds that the state conviction is against the great weight of the evidence. *Cukaj v. Warren*, 305 F. Supp. 2d 789, 796 (E.D. Mich. 2004) (citing *Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985); *Crenshaw v. Renico*, 261 F. Supp. 2d 826, 834 (E.D. Mich 2003); *Dell v. Straub*, 194 F. Supp. 2d 629, 648 (E.D. Mich. 2002)); see also *Artis v. Collins*, 14 F. App'x 387 (6th Cir. 2001) (declining to grant a certificate of appealability on the petitioner's claim that the jury's verdict was against the manifest weight of the evidence). Thus, Petitioner's great-weight-of-the-evidence claim is not cognizable on habeas review.

B. Self Defense Jury Instruction

Petitioner next asserts that the trial court erred in failing to instruct the jury on self defense. Petitioner essentially argues that if the circumstances of the incident and therefore Petitioner's intent were unknown, then he was entitled to a self-defense instruction as much as the prosecutor was entitled to an assault with intent to murder instruction.

A defendant in a criminal trial has the right to "a meaningful opportunity to present a

complete defense." *California v. Trombetta*, 467 U.S. 479, 485 (1984). "[A] necessary corollary of this holding is the rule that a defendant in a criminal trial has the right, under appropriate circumstances, to have the jury instructed on his or her defense, for the right to present a defense would be meaningless were a trial court completely free to ignore that defense when giving instructions." See *Taylor v. Withrow*, 288 F. 3d 846, 852 (6th Cir. 2002). A defendant is therefore entitled to a jury instruction as to any recognized defense for which there exists evidence sufficient for a reasonable juror to find in his or her favor. *Mathews v. United States*, 485 U.S. 58, 63 (1988). A state trial court's failure to instruct a jury on self-defense when the instruction has been requested and there is sufficient evidence to support such a charge violates a criminal defendant's rights under the Due Process Clause. *Taylor*, 288 F. 3d at 851.

Under Michigan law, one acts lawfully in self-defense if he or she honestly and reasonably believes that he or she is in danger of serious bodily harm or death, as judged by the circumstances as they appeared to the defendant at the time of the act. *Blanton v. Elo*, 186 F. 3d 712, 713, n. 1 (6th Cir. 1999)(citing to *People v. Heflin*, 434 Mich. 482 (1990)). To be lawful self-defense, the evidence must show that: (1) the defendant honestly and reasonably believed that he was in danger; (2) the danger feared was death or serious bodily harm or imminent forcible sexual penetration; (3) the action taken appeared at the time to be immediately necessary; and (4) the defendant was not the initial aggressor. See *Johnigan v. Elo*, 207 F. Supp. 2d 599, 608-09 (E.D. Mich. 2002)(citing *People v. Barker*, 437 Mich. 161, 165 (1991). "[T]he law of self-defense is based on necessity, and a killing or use of potentially lethal force will be condoned only when the killing or use of potentially lethal force was the only escape from death, serious bodily harm, or imminent forcible sexual penetration under the circumstances." *Johnigan*, 207 F. Supp. 2d at 609 (internal citation omitted).

The trial court's refusal to instruct the jury on self defense here did not deprive Petitioner of a fair trial because there was insufficient evidence presented at trial to support the giving of such an instruction. There was no evidence, circumstantial or otherwise, that the complainant was armed with a weapon at the time of the assault or had otherwise threatened Petitioner with death or serious bodily injury. On the other hand, Petitioner recalled standing over the victim's prone body and "slapping" him repeatedly with a knife. The shear number of slash wounds together with Petitioner's own recollection supported the assault with intent to murder charge and negated any legitimate self-defense claim.

Because there was no evidence to support Petitioner's self-defense claim, the trial court's failure to give an instruction on the defense of self-defense did not deprive petitioner of his constitutional right to due process. *Allen v. Morris*, 845 F. 2d 610, 616-17 (6th Cir. 1988); *Melchior v. Jago*, 723 F. 2d 486, 493-94 (6th Cir. 1983). Petitioner is not entitled to habeas relief on this claim.

### IV. Certificate of Appealability

Before Petitioner may appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v.*

*Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id*. at 336-37.  The Court concludes that a certificate of appealability is not warranted in this case because reasonable jurists could not debate the Court's assessment of those claims. The Court will also deny Petitioner permission to proceed on appeal in forma pauperis because any appeal would be frivolous.

## V. Conclusion

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that permission to appeal in forma pauperis is **DENIED.**

S/Victoria A. Roberts<br>Honorable Victoria A. Roberts<br>United States District Judge

Dated: 9/29/2014